UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  7/2/2020   
```

------------------------------------------------------------------------X
:
SOTER TECHNOLOGIES, INC.,                                               :
:
                Plaintiff,                                 :
:     20-cv-5007 (LJL)
    -v-                                                               :
:     <u>ORDER</u>
IP VIDEO CORP., et. al.,                                                :
:
                Defendant.                                 :
:
------------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

       The parties appeared for a conference on July 1, 2020 to address Plaintiff's application for a Temporary Restraining Order. *See* Dkt. Nos. 9-13. Based on the following findings and for the following reasons, Plaintiff's application for a Temporary Restraining Order is granted in part.

       Plaintiff has made a showing of likelihood of success on its cybersquatting claim as to the domain name "www.flysense.com" (the "FlySense Domain Name"). Defendants have used the domain name www.flysense.com to advertise and offer for sale the Defendant's Halo IOT Sensor device (the "HALO Device"). The FlySense Domain Name is identical to, or confusingly similar to, Plaintiff's FlySense Mark, over which Plaintiff has prior and exclusive rights. Plaintiff also has made a showing of bad faith intent to profit from the FlySense Mark. At conference, Defendants admitted that they had been operating the FlySense Domain Name, and that after receiving notice of this action, they had ceased such operation. Plaintiff has also established a likelihood of irreparable harm absent if Defendants continue using the FlySense

Domain Name. There is a strong likelihood that consumers who search the internet looking for Plaintiff's FlySense Product will be directed to Defendants' website. The risk is not sufficiently abated by Defendants' cessation of the operation of the domain name; absent an injunction, Defendants would be free to resume such operation. The balance of the hardships and the public interest factors also favor Plaintiff, who has made a showing that the purported infringement of their FLYSENSE trademark has been costly, and in the absence of any showing by Defendants that ceasing operation of the FlySense Domain Name would constitute a hardship. Indeed, Defendants stated at conference that they would not object to a Temporary Restraining Order prohibiting it from resuming operation of the FlySense Domain Name.

Plaintiff also presented evidence at argument and through its declarations that Defendants or a representative of Defendants had made a false statement with respect to the compatibility of the HALO Device with Plaintiff's proprietary software platform. Defendants admitted at argument that their software is not compatible with Plaintiff's proprietary software platform. There is a showing of likelihood of success of the claim that the statement Plaintiff adverted to constitutes unfair competition, and that if the conduct is not enjoined, Plaintiff would suffer irreparable harm. Here too the balance of the hardships favor Plaintiff.

Accordingly, IT IS HEREBY ORDERED that Defendants are temporarily restrained from:

1. Resuming operation of the FlySense Domain Name; and
2. Stating that the HALO Device is compatible with the FlySense proprietary software platform.

The restraining order expires 14 days from the date and time of this Order if not extended.

IT IS FURTHER ORDERED that on consent of Defendants, and based on a showing by Plaintiff, Plaintiff is permitted to immediately serve subpoenas on Domains By Proxy, LLC and

GoDaddy.com, LLC, in the form set forth at Dkt. No. 11, Ex. D-E.

IT IS FURTHER ORDERED that with respect to Plaintiff's application for a Preliminary Injunction, the parties are directed to file a joint letter with the Court, not to exceed 6 single-spaced pages, no later than July 7, 2020 at 5:00 p.m., advising the Court as to how each party wishes to proceed.

SO ORDERED.

Dated: July 2, 2020  9:00 a.m.
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge