```
                                                          ┌─────────────────────────────┐
                                                          │ USDC SDNY                   │
                                                          │ DOCUMENT                    │
UNITED STATES DISTRICT COURT                              │ ELECTRONICALLY FILED        │
                                                          │ DOC #:_____       │
SOUTHERN DISTRICT OF NEW YORK                             │ DATE FILED: 7/17/2020       │
                                                          └─────────────────────────────┘
```

------------------------------------------------------------------X
                                                                                                             :

SOTER TECHNOLOGIES, INC.,                            :

                        Plaintiff,                                        :                  20-cv-5007 (LJL)

            -v-                                            :                  <u>ORDER</u>

IP VIDEO CORP., et. al.,                                  :

                      Defendant.                                  :

------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

       On July 2, 2020, on Plaintiff Soter Technologies, LLC's application, and after a hearing, the Court entered a Temporary Restraining Order that restrained Defendants from: (1) Resuming operation of the FlySense Domain name ("Restraint 1"); and (2) Stating that the HALO Device is compatible with the FlySense proprietary software program ("Restraint 2"). The Court entered the Restraining Order based, in part, on the consent of the defendants and based in part on the findings that Plaintiff had made a showing of likelihood of success on its cybersquatting claim as to the domain name "www.flysense.com;" that Plaintiff would suffer irreparable harm if Defendants continued using the FlySense Domain Name; that evidence was presented that Defendants had made a false statement with respect to the compatibility of the HALO Device with Plaintiff's proprietary software platform; that Plaintiff had demonstrated a likelihood of success on the merits that such statement constitutes unfair competition; and that if the conduct were not enjoined, Plaintiff would suffer irreparable harm.

       In addition to those findings, the Court also entered findings, not strictly necessary to the TRO, that the FlySense Domain Name is identical to, or confusingly similar to, Plaintiff's FlySense Mark, and that Plaintiff had made a showing of bad faith intent to profit from the FlySense Mark. The TRO expired by its terms on July 16, 2020. The Court directed the parties to meet and confer about a proposed schedule for a hearing for a preliminary injunction.

       By letter of July 7, 2020 and at a conference of July 13, 2020, the defendants agreed that they would extend the two restraints to a preliminary injunction subject to a condition that was important to them. Plaintiff would have to agree to vacate certain findings in the Temporary Restraining Order, in particular the findings the Court made that:

1) Defendants have used the domain name www.flysense.com to advertise and offer for sale the Defendants' Halo IOT Sensor device (the "HALO Device");

2) Plaintiff also has made a showing of bad faith intent to profit from the FlySense Mark.
3) There is a strong likelihood that consumers who search the internet looking for Plaintiff's FlySense Product will be directed to Defendants' website; and
4) Plaintiff [has] made a showing that the purported infringement of their FLYSENSE trademark has been costly …

See Dkt. No. 28.  At the conference, Plaintiff did not agree to this condition, and the Court warned Plaintiff that by insisting on the findings—which were always preliminary in nature and subject to revision—it was at risk of losing the injunctive relief it was seeking at a preliminary injunction hearing.  Observing that the parties might not be fighting over anything of substance (at least to the Plaintiff), the Court directed the parties to meet and confer and report back.

The parties have now done so.  The parties agree that Restraint 1 should be converted from a TRO to a preliminary injunction and it will be so converted.  The preliminary injunction will last until a trial on the merits.  The parties do not agree on Restraint 2.  In particular, although Plaintiff now appears willing to agree that the findings can be vacated, Defendant does not agree to the restraint being converted.

The Court need not inquire into the reasons why Defendant has had a change of heart.  Plaintiff is entitled to a hearing on its request for preliminary injunctive relief with respect to Restraint 2.  The Court is prepared to have such a hearing remotely on August 7, 2020 at 10:00 a.m., provided that all parties consent to the hearing being held remotely.  There appears to be a discrete set of factual disputes with respect to restraint 2: Whether—as Plaintiff contends—the misrepresentation was made to one particular school district, and whether similar misrepresentations were made to other customers and potential customers.  That issue should be able to be discovered through limited expedited discovery.  The Court hereby permits Defendants expedited discovery into the basis of Plaintiff's allegations.  Plaintiff is permitted expedited discovery into Defendants' communications with the school district and, depending on the results of that discovery, might become entitled to further discovery.  The parties may also request leave of Court for additional discovery.  The Court finds that the discovery can be taken remotely pursuant to the Court's COVID-19 Emergency Individual Practices in Civil and Criminal Cases, available at https://www.nysd.uscourts.gov/hon-lewis-j-liman.  If the parties need a protective order, they can avail themselves of the model protective order on the Court's website and submit it for so-ordering.  If they need an attorney's eyes only category given that the two parties are competitors, they shall submit a revised protective order with that category.

The parties have also submitted a proposed briefing schedule with respect to Defendants' anticipated motion to dismiss.  That schedule is acceptable to the Court and is hereby adopted.

Accordingly, IT IS HEREBY ORDERED:

1. Defendants are preliminarily enjoined from resuming operation of the FlySense Domain name pending a resolution of the case on the merits.  This injunction applies to the Defendants' officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with such persons. See Fed. R. Civ. P. 65 (d)(2).

2. Both parties are permitted expedited discovery with respect to whether any Defendant has misrepresented that the HALO Device is compatible with the FlySense proprietary software program, as described above;
3. The briefing schedule on Defendants' anticipated motion to dismiss set forth in the parties' joint letter to the Court at Dkt. No. 46 is adopted: Defendants' opening brief shall be filed by July 31, 2020; Plaintiff's opposition shall be filed by August 17, 2020; Defendants' reply shall be filed by August 31, 2020.
4. Absent any objection to a remote hearing, a hearing on Plaintiff's request for a Preliminary Injunction with respect to Restraint 2 will be held by TELEPHONE CONFERENCE on August 7, 2020 at 10:00 a.m. At that date and time, the parties are directed to dial the Court's conference line at 888-251-2909 (access code: 2123101).

SO ORDERED.

Dated: July 17, 2020
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge