# LEASON ELLIS

One Barker Avenue
Fifth Floor
White Plains, New York 10601
t. 914.821.8011
f. 914.288.0023

April 1, 2021

Martin Schwimmer
Partner
Schwimmer@LeasonEllis.com

**VIA ECF**
Honorable Lewis J. Liman, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street
New York, New York 10007

     *Re:  Soter Techs., LLC v. IP Video Corp. et al.*, No. 20-cv-5007-LJL

Dear Judge Liman,

  We are counsel for Defendants IP Video Corporation ("IP Video"), A+ Technology & Security Solutions, Inc., and Advance Convergence Group, Inc. (collectively, "Defendants") in the above captioned matter.  We write pursuant to this Court's Order of March 30, 2021 (*dkt. 102*), and Your Honor's Individual Rules 2(G), in connection with Plaintiff's motion to seal file under seal Exhibits A, H, J, K and L to its Second Amended Complaint (*dkt. 99*).  IP Video respectfully requests that the Court grant Plaintiff's motion with respect to Exhibits A, H, J, and K to the Second Amended Complaint.

  Defendant IP Video is the custodian of Exhibits A, H, and K, and maintains its confidentiality designations for the following reasons:

1. Exhibit A:  This document contains confidential and highly confidential, attorneys' eyes only, information relating to domain names of Defendants.  The true registrant of these domain names is not publicly available, many are unrelated to this action in any way, some are private, and the list of which is proprietary information, which also implicates irrelevant business and product development plans.  Disclosure of this commercially sensitive information to the public would result in competitive injury to IP Video and Defendants.

2. Exhibit H: This document contains highly confidential, attorneys' eyes only, information relating to domain names of Defendants. The true registrant of these domain names is not publicly available.  Exhibit H also includes commercially sensitive discussion of the marketing strategy related to the domain names.  The list of domain names and related information provides commercially sensitive information regarding IP Video's business plans and marketing information, which would result in competitive injury should it be made public.

3. Exhibit K: This document contains highly confidential, attorneys' eyes only, information related to IP Video's business and marketing strategy.  Such information is commercially sensitive and would result in competitive injury should it be made public.

Defendant IP Video provided its confidentiality designations pursuant to paragraphs 1-4 and 13-14 of the Parties' stipulated Protective Order (*dkt. 53*).

With respect to Exhibits A, H, and K, these documents contain highly confidential material that are commercially and competitively sensitive because they could be used to result in competitive injury should they be disclosed to the public. *See, e.g.*, *EFCG, Inc. v. AEC Advisors, LLC*, 2020 WL 7121855, at *1 (S.D.N.Y. Nov. 9, 2020) (granting the plaintiffs' request to seal an order containing "confidential, commercially sensitive information which might harm [the plaintiff's] competitive standing vis-à-vis defendants and other competitors"); *Refco Grp. Ltd., LLC, v. Cantor Fitzgerald, L.P.*, 2015 WL 4298572, at *4 (S.D.N.Y. July 15, 2015) (finding that "disclosure would cause 'significant and irreparable competitive injury to both Defendants and [a] Non-Party Entity' because the information was 'commercially sensitive'"). Further, Exhibit K contains recent confidential marketing strategy information. This sort of information has consistently been provided protection in the Second Circuit. *See, e.g., AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 117CV00598BKSCFH, 2021 WL 776701, at *6 (N.D.N.Y. Mar. 1, 2021). Due to the confidentiality concerns surrounding this information, including the proprietary and commercially sensitive nature of the information and the competitive implications of public disclosure, IP Video respectfully requests that this information remain under seal. *See Optima Media Grp. Ltd. v. Bloomberg L.P.*, 2018 WL 158074, at *8 (S.D.N.Y. Mar. 28, 2018).

Defendant IP Video believes that they will suffer a clearly defined and serious injury should this information not be sealed and the information be disclosed to the public. As indicated above, the materials sought to be sealed include confidential information relating to trade secrets, marketing and business strategies and information, and product pricing, as well as the confidential information of third parties that has already been determined to warrant filing under seal (*dkt*. 69). IP Video believes that the sealed information is confidential business information that would impair their competitive position and potential contractual relations if it became public, that they would be harmed by the public release of this information, and that these considerations significantly outweigh any public interest that might be served by having that material publicly available on the docket.

Defendant IP Video does not maintain its confidentiality designation with respect to the single page of the document filed as Exhibit L. However, IP Video reserves all rights to maintain confidentiality in the full document, which is a marketing agreement.

Additionally, Exhibit J contains third party proprietary information that has previously been approved for filing under seal. (*Dkt. 69.*) As such, IP Video respectfully requests the Court maintain the confidentiality of Exhibit J, as provided in its previous order for at least the reasons provided therein.

Honorable Lewis J. Liman, U.S.D.J.
April 1, 2021
Page 3

      Accordingly, IP Video respectfully requests the materials identified herein remain under seal. To the extent any sealing request is denied, IP Video respectfully requests the opportunity to propose redactions to these documents.

                                       Respectfully Submitted,

                                       Martin Schwimmer

cc:     All Counsel of Record (via ECF)