

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/30/2021

WENDY R. STEIN
Director

Gibbons P.C.
One Pennsylvania Plaza, 37th Floor
New York, New York 10119-3701
Direct: (212) 613-2043 Fax: (212) 554-9645
wstein@gibbonslaw.com

April 29, 2021

Plaintiff's Letter Motion is DENIED. The settlement conference shall proceed on May 19, 2021, if only for the limited purpose of seeking to narrow the issues in the case. SO ORDERED.
Dated: April 30, 2021

**VIA ECF**

The Honorable Stewart D. Aaron, U.S.D.J.
United States District Court for the Southern District of New York
500 Pearl Street, Courtroom 11C
New York, NY 10007

Re:  *Soter Technologies, LLC v. IP Video Corporation, et al.*,
Civ. No. 20-CV-05007(LJL) (S.D.N.Y.)

Dear Judge Aaron:

We represent Soter Technologies, LLC, the plaintiff in this matter.  Pursuant to Rule 1.D of Your Honor's Individual Rules, we are writing to respectfully request an adjournment of the settlement conference currently scheduled for May 19, 2021 to one of the following four dates (or a later date convenient for the Court): July 14, 15, 28, or 29.  We have not previously asked Your Honor to adjourn any deadlines.[1]  The Defendants do not consent this request.

Defendants have delayed producing documents that Soter needs in order to take a deposition of the main witness in this case and conduct a meaningful settlement conference. Defendants' deliberate withholding of relevant and important documents is now the subject of a discovery dispute pending before Judge Liman which may take weeks to resolve.  (Dkt 112, 113) Due to Soter's failure to secure documents and testimony that it needs to participate in any meaningful settlement conference, and the recent death of my father, we respectfully request an adjournment of the conference to a date in July that is convenient for the Court.  We sincerely hope that by mid-July, Soter will have the documents and testimony it needs to engage in a meaningful settlement dialogue with the Defendants (at this time, it does not).[2]

---

[1]  Soter counsel has made three prior adjournment requests to Judge Liman.  (Dkt 55, 61, 87)  Two of these were granted (Dkt 56, 62), while one was denied.  (Dkt 88)

[2]  Defendants have taken the position that Soter should be required to attend this conference without the testimony and documents it needs.  Defendants cannot expect the parties to have a meaningful mediation without necessary information relating to liability and damages being disclosed.  Soter never expected that Defendants would withhold this information prior to mediation or that Defendants would expect the parties to come to any agreement without it.  In reviewing the documents Defendants have produced in this action for purposes of complying with Your Honor's rules concerning submissions due in advance of the May 19 conference (on May 5 and May 12)—it is now apparent to Plaintiff that Defendants have not disclosed necessary information to engage in meaningful settlement discussions.  For example, in addition to the dispute pending before Judge Liman, as a result of a pending EDNY action between the parties, Soter confirmed that Defendants created monthly reports documenting sales of the Halo device both before and after Defendants went live with flysense.com.  These reports are highly relevant to both liability and damages.  In March, Soter asked Defendants to confirm that these documents would also be produced in the SDNY action or in the alternative the parties could mutually agree that documents produced in the EDNY action could also be used in the SDNY action.  Soter also requested that the documents be produced by April 16, 2021.  This request was ignored and is certain to ripen into another discovery dispute that will need to be resolved before Soter can engage in

Despite multiple requests to meet and confer on mutually agreeable dates to submit to Your Honor, and even informing Defendants that lead counsel for Soter needed an adjournment due to the death of a parent—Defendants not only refused to have any telephonic meet and confer with Soter—but outright refused to provide *any* agreeable dates, merely stating in conclusory fashion:

> We will not provide alternate dates for mediation at this time – as we believe the mediation should take place as scheduled on May 19.

We are frankly shocked that attorneys admitted to this fine Court would behave in this manner. As Soter does not want to waste judicial or party resources on a settlement conference when it does not have all of the information it needs to meaningfully participate in a settlement discussion, Soter respectfully requests the brief adjournment described above.

Respectfully Submitted,

*Wendy R. Stein*

---

good faith settlement discussions. Further, even if Defendants were to release this information now, Soter would not be in a position to use it to meaningfully calculate a settlement demand which would be due on May 5 pursuant to Your Honor's Settlement Conference Procedure 6.